José Hidalgo, Petitioner and Appellee, *v.* Pedro Duprey, Secretary-Auditor of the Municipality of Aguadilla, Respondent and Appellant.

No. 6771. Argued May 1, 1935.—Decided June 26, 1935.

Benjamin J. Horton, Attorney General, and Luis Janer, Deputy Attorney General, for appellant. García Méndez & García Méndez, and Angel G. Hermida for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

José Hidalgo brought a mandamus proceeding to compel Pedro Duprey, Secretary-Auditor of the Municipality of Aguadilla, to issue to petitioner a credit certificate for the sum of $9, and alleged in support of his petition that he is a creditor of the municipality in question in that amount and at the same time a debtor in the same amount, and that he desired, in accordance with the provisions of section 2 of Act No. 8 of April 8, 1931 (Session Laws, p. 152), as amended by Act No. 15 of April 13, 1933 (Session Laws, p. 214), that a credit certificate be issued to him in order to cancel an indebtedness in the same amount owed by him to that municipality.

The petitioner further alleged that the Mayor of Aguadilla, Mr. Wenceslao Herrera, is ready to approve the credit

certificate for the sum in question, but that the municipal auditor has refused to issue the same, on the following grounds:

"1. Because it was not possible to issue to him the credit certificate requested, covering the second fifteen days of salary for August, 1933, since the salary then in turn to be paid was that corresponding to the second fifteen days of June, 1932;

"2. Because the legal provisions applicable to salaries are those found in section 85 of the Municipal Law, and hence every installment of salary must be paid in full to every officer and employee; and

"3. That salaries ought not be paid with credit certificates unless all other officers and employees are paid for the same period, even though the payment be made in part with checks and in part with credit certificates."

The respondent in his answer admitted the facts set forth in the petition and reproduced the grounds which he had for not issuing the credit certificate to petitioner, and alleged that he has always been and will always be ready to issue such certificate if his actions are not in conflict with the law and with the circulars and regulations promulgated pursuant thereto, and that being subordinate to the Auditor of Puerto Rico, he must respect, observe, and comply with the law, regulations, and circulars governing municipal accounting.

The District Court of Aguadilla entered judgment granting the petition and directing respondent to issue the credit certificate sought, subject to the approval of the Mayor of Aguadilla, without special imposition of costs.

The defendant-appellant maintains that the court below erred in disregarding the provisions of section 85 of the Municipal Law (Act No. 53 of 1928, Session Laws, p. 334); in giving to the generic term "creditor," as used in section 2 of Act No. 8 of 1931, as amended by Act No. 15 of 1933, a meaning broad enough to include municipal officers and employees; and in not holding that the insular auditor is a necessary party to this proceeding.

The defendant argues that there are two statutes covering the same subject matter: the Municipal Law of 1928, which in its section 85 specifically governs the payment of salaries to municipal officers and employees when there are not sufficient funds, and Act No. 8 of 1931, as amended by Act No. 15 of April 13, 1933, which in section 2 thereof directs in general terms the issuance of certificates by municipalities to their creditors when, through lack of funds, such municipalities cannot pay their debts in money.

The appellant thinks that the section of the Municipal Law to which he refers prohibits him from issuing, in an isolated case, a credit certificate to an employee of the municipality. He admits, however, that such certificates may be issued to all the municipal employees and officers in payment of the whole or a proportional part of their salaries, since he would thus be complying with both acts, without making any improper discrimination in favor of any particular officer or employee.

 Section 2 of Act No. 8 of 1931, as amended by Act No. 15 of 1933, reads as follows:

"Every natural or artificial person who is the creditor of any municipality, for any reason, shall be entitled to obtain from the municipal auditor, and the latter shall be required to issue, with the approval of the mayor, a credit certificate or credit certificates covering the whole or a part of said credit. The Municipal auditor shall state clearly in these credit certificates the reason for the debt, and in no case may he issue said certificates unless the debt owed by the municipality to the creditor has been regularly and legally contracted, and, moreover, unless an appropriation has been made in the budget for the payment thereof. These credit certificates shall cancel in like amount the debt owed by the municipality to the person in favor of whom the said certificate is issued."

Section 85 of the Municipal Law reads as follows:

"That whenever a municipality has not sufficient funds fully to pay the salaries of its officers and employees, the funds available shall be distributed among such officers and employees in proportion to their respective salaries."

We agree with appellant to the extent that section 85 of the Municipal Law is in full force and effect and has not been repealed by section 2 of Act No. 8 of 1931, as amended in 1933. We are of this opinion, because these provisions do not cover the same subject matter, as appellant contends, nor is there any conflict between them, since both may be construed separately without either infringing upon the other. The first provides for the proportional payment of salaries to municipal officers and employees, if there are funds available, and such funds are insufficient to cover such salaries in full; the second imposes a duty upon the municipal auditor to issue certificates to the creditors of the municipality, once the formalities of the law are complied with. If prior to the time this duty was imposed upon the municipal auditor, no credit certificates were issued to municipal officers and employees, it was because the provision now expressly authorizing such issuance did not exist, and not because the issuance was prohibited by section 85 of the Municipal Law. A municipality without available funds cannot make use of this section, which is applicable only when there are available funds. This statutory provision was enacted for this sole reason, to be used for proportional distribution when salaries cannot be paid in full, and not to prohibit the issuance of credit certificates to municipal employees. The Act of 1931, as amended in 1933, refers exclusively to the claims which a creditor may have against any municipality as to which he may obtain the issuance of a certificate.

The instant case is easily understood. José Hidalgo, a debtor and creditor of the municipality, wants a certificate issued to him for his claim of $9 to cancel his obligation for the same amount to the Municipality of Aguadilla. This transaction, which in no way prejudices the interests of the municipality, facilitates the payment by the employee of something owed by him to the municipality, and relieves the municipality of an obligation owed by it to the employee.

In this way both parties are mutually benefited, without violating in any way the provisions of the act.

It is desirable to state for the sake of clarity that section 2 of Act No. 8 of 1931 granted to every artificial person which was indebted to the Insular Treasury on account of taxes, or to any municipality on account of licenses, or excises, or for any other reason, and which was also a creditor of said municipality, the right to obtain from the municipal auditor, with the approval of the mayor, a credit certificate, the amount of which should never be greater than the total amount of the license fee, excise, or tax owed by said person. The 1933 amendment seems not to require the mutual relationship of debtor and creditor, since the provisions which we have just cited have been eliminated, although the last words of the amended section lead to some confusion, for it is said therein that such credit certificates shall cancel in like amount the debt owed by the municipality to the person in favor of whom the certificate is issued. An indebtedness cannot be cancelled unless it has been paid, and a credit certificate is nothing more than a written acknowledgment of the obligation contracted by the municipality. However, whatever may be the construction to be given to this section, the fact is that, as amended, it grants to every creditor of a municipality the right to obtain a credit certificate, when he has fulfilled the requirements of said section. If this provision is to be construed so as to make the mutual relation of debtor and creditor unnecessary, the amendment would be much more liberal and beneficial for the creditor.

The lower court in its opinion comments on section 85 of the Municipal Law which we have been discussing, as follows:

"Section 85 of the Municipal Law has not in itself been amended by the Laws of 1931. Section 85 refers to the form in which payment is made when the municipality has insufficient funds with which to pay in full the salaries of its officers and employees, while the act with respect to credit certificates merely authorizes the issuance of

certificates as evidence of the credit or credits owing by the municipality to its various creditors.

"Section 85 was never intended to prevent the creditor of a municipality from obtaining the issuance of a credit certificate, of whatever kind, or class, particularly if we take into consideration the fact that the Act governing the issuance of credit certificates was an emergency measure, for the purpose of making it easier for municipal employees and creditors to obtain evidence of their respective claims in order to facilitate their negotiation, thus making it possible for the municipal machinery to function during the world depression, acutely felt in Puerto Rico as a result of the hurricanes which devastated the Island in 1928 and 1932. To deny this would be to ignore the plain intent of the Legislature in passing the acts of 1931 and 1933 with respect to the issuance of credit certificates."

As we have already said, appellant admits that all salaries or a proportional part thereof may be paid to all the municipal officers or employees, but denies that this can be done in an isolated case, upon the ground that this would amount to an improper discrimination and privilege in favor of the officer receiving the certificate. Appellant argues that if in this particular case the petitioner should receive the certificate demanded by him, he would be collecting $9 on account of past due salaries with which to satisfy his obligation to the municipality, and that none of the other officers and employees would receive any part in the same proportion of their respective past due salaries, and that the transaction would result in an improper discrimination and preference in favor of appellee. We cannot accept this reasoning. If there had been municipal funds available to cover solely a part of the salaries of the employees, and from such funds there had been paid the salary of the petitioner or of any other employee without making an equitable proportional distribution, then a discrimination would clearly have been made in favor of the officer receiving the benefit of the payment. However, when a municipal employee is indebted to a municipality and a credit certificate is issued for the payment of such indebtedness, no use is made of any available

fund, nor is the employee granted any preference over his fellow-employees.

Section 2 of Act No. 8 of 1931, as amended in 1933, establishes no distinctions. That act imposes on the municipal auditor the duty of issuing, with the approval of the mayor, a credit certificate or certificates to every natural or artificial person who is a creditor of the municipality, regardless of the character of such credit. There is no reason whatever to exclude the municipal employees or officers who are creditors of the municipality from the effects of such a provision as this, which covers all creditors without distinction.

The last assignment of error is to the effect that the court did not consider the Auditor of Puerto Rico a necessary party defendant in this proceeding. Petitioner maintains that this assignment ought to be passed over without consideration because no objection was made in the lower court upon this point. As appears from the record, the respondent and appellant in his answer said only that the action ought to have been brought against the Auditor of Puerto Rico. We presume that his objection is based on section 74 of the Code of Civil Procedure, according to which a court must order additional parties to be brought in when a complete determination of the controversy cannot be had without their presence. We do not think that this provision is applicable in the instant case.

According to the third paragraph of section 33 of the Municipal Law (Session Laws of 1928, pp. 362, 364), the municipal auditor shall have all the powers and functions and duties in connection with the municipality as are vested in the Auditor of Puerto Rico in connection with the Insular Government, subject to the provisions of the Organic Act and the regulations that the Auditor of Puerto Rico shall make, and shall sign all warrants and orders for the payment of money from municipal funds. The act with respect to credit certificates provides that the municipal auditor shall issue the certificates to every creditor of the municipality, for any

reason, with the sole limitation that such certificates must be approved by the mayor. The Auditor of Puerto Rico is, consequently, not a necessary party for a determination of the controversy in this proceeding.

The judgment appealed from must be affirmed.

Mr. Justice Wolf concurs in the result.